UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH OF CAROLINA

AIKEN DIVISION

| | |
|---|---|
| FIRST-CITIZENS BANK & TRUST COMPANY,<br><br>                  Plaintiff,<br><br>v.<br><br>RECLEIM-SC, LLC,<br><br>                  Defendant. | Case No.  1:23-cv-00370-MGL<br><br>**DEFENDANT'S NOTICE OF REMOVAL**<br>**(Jury Trial Demanded)** |

Defendant, RECLEIM-SC, LLC ("Recleim"), expressly preserving all defenses including but not limited to defenses related to personal jurisdiction and proper venue, timely files this Notice of Removal, hereby removing this civil action, pending in the Magistrate Court of South Carolina, County of Aiken, entitled *First-Citizens Bank & Trust Company v. Recleim-SC, LLC*, Civil Case No. 0210401559 (the "State Court Action"), to the United States District Court for the District of South Carolina, Aiken Division. A true and correct copy of the Summons and Complaint served on Recleim is attached hereto as **Exhibit A**.

## BACKGROUND

1. On December 28, 2022, Plaintiff, First-Citizens Bank & Trust Company ("First Citizens" or "the Bank"), filed an "Application of Ejectment of Personal Property and for Distraint" in Magistrate Court of South Carolina, Aiken County ("Complaint"). A true and correct copy of the Docket for the State Court Action reflecting the filed date of December 28, 2022, is attached hereto as **Exhibit B**.

2. The Complaint generally alleges that (i) First Citizens owns certain property located at 118 Hard Street, Graniteville, South Carolina ("Property"); (ii) Recleim owns certain industrial equipment

that is present on the Property ("Equipment"); and (iii) the presence of the Equipment supposedly has hampered the Bank's efforts to sell the Property. (Compl., ¶¶ 1, 3, 4, 6.)

3. Based on those allegations, First Citizens filed the Complaint, purporting to assert two causes of action: (i) ejectment of personal property, *i.e.*, requiring Recleim to remove the Equipment of the Property; and (ii) distraint, *i.e.*, distraining the Equipment to satisfy what First Citizens claims is back rent Recleim owes on the Property totaling at least $340,000. (Compl., ¶¶ 13-21.)

**REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION**

4. This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because Plaintiff, First Citizens, is a citizen of a state different from that of Recleim, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Plaintiff, First Citizens, is a corporation organized under the laws of the State of North Carolina and has its principal place of business in North Carolina. Therefore, First Citizens is a citizen of North Carolina for purposes of diversity jurisdiction.

6. Defendant, Recleim, is a limited liability company organized under the laws of the State of Delaware and whose principal place of business is the State of Georgia. Recleim has two members: (1) Recleim LLC, a Delaware limited liability company that is headquartered in Georgia; and (2) Peachtree Clean Energy Ventures, LLC, a Georgia limited liability company that is headquartered in Georgia.

7. "For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of all of its members." *Central West Virginia Energy Co., Inc. v. Mountain State Carbon, LLC,* 636 F.3d 101, 103 (4th Cir. 2011). Because Recleim's two members are citizens of the States of Delaware and Georgia, Recleim is considered to be a citizen of Georgia and Delaware for purpose of determining diversity jurisdiction.

8. Because the citizenship of First Citizens, a North Carolina corporation, is diverse from the citizenship of Recleim, the requirement of diversity of citizenship under 28 U.S.C. § 1332 is satisfied.

9. As set forth above, in the State Court Action, First Citizens alleges that (i) it owns certain property located at 118 Hard Street, Graniteville, South Carolina ("Property"); (ii) Recleim owns certain industrial equipment that is present on the Property ("Equipment"); and (iii) the presence of the Equipment supposedly has hampered the Bank's efforts to sell the Property. (Compl., ¶¶ 1, 3, 4, 6.)

10. As a result, First Citizens alleges, "Recleim has failed to make any rent payment to the Bank and, as of December 1, 2022, owes Bank $340,000 in rent." (*Id.*, ¶ 19.)

11. First Citizens seeks, *inter alia*, an order "permitting Bank to sell the Equipment by distraint and distribute the proceeds to the first lienholder, as applicable, and with any remaining amounts to Bank." (*Id.*, ¶ 21.) First Citizens also seeks a judgment from the Court requiring Recleim to remove the Equipment from the Property, at Recleim's sole cost and expense.

12. It is undisputed that the Equipment the Bank seeks to sell is valued in excess of $75,000.00 and, in fact, is currently valued in the millions of dollars. Furthermore, the cost to Recleim of removing the Equipment, should the ejectment action succeed, would be well in excess of $75,000.00.

13. In short, assuming, for the purposes of removal only that the allegations in the Complaint are true, the amount in controversy easily exceeds $75,000.00.

## VENUE AND PROCEDURE

14. Pursuant to 28 U.S.C. § 1446(b), this Notice is timely filed within thirty (30) days of service of the Complaint on Recleim. Recleim was served with the Complaint on January 9, 2023.

15. As of the date of removal, Recleim has not filed a responsive pleading to the Complaint.

16. Pursuant to 28 U.S.C. § 1441(a), this is the appropriate Court to receive this Notice of Removal, as the State Court Action is pending in the Magistrate Court of Aiken County, which is within the District of South Carolina. Therefore, this Court is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

17. Pursuant to 28 U.S.C. § 1446(a), Recleim attaches true and correct copies of all pleadings served on it in the State Court Action as **Exhibit A**.

18. Pursuant to 28 U.S.C. § 1446(d), First Citizens will be served with a copy of this Notice of Removal, and a copy of this Notice of Removal will be filed with the Clerk of the Magistrate Court of Aiken County.

19. In light of the foregoing, removal of this case to the United States District Court for the District of South Carolina, Aiken Division, is proper.

20. In filing this Notice of Removal, Recleim does not waive, and expressly preserves, any and all defenses to the Complaint, including, but not limited to, defenses of personal jurisdiction and improper venue, and reserves the right to move the Court concerning any such defenses upon removal to this Court.

WHEREFORE, Defendant Recleim removes this action from the Aiken County Magistrate Court to the United States District Court for the District of South Carolina.

Respectfully submitted,

s/PATRICK C. WOOTEN
Brian C. Duffy (Fed. ID No. 9491)
Patrick Wooten (Fed. ID No. 10399)
DUFFY & YOUNG LLC
96 Broad Street
Charleston, SC 29401
Tel: (843) 720-2044
bduffy@duffyandyoung.com
pwooten@duffyandyoung.com

4

5

*Counsel for Defendant RECLEIM-SC, LLC*

January 27, 2023  
Charleston, South Carolina