IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

AIKEN DIVISION

| | | |
|---|---|---|
| FIRST-CITIZENS BANK & TRUST COMPANY, | ) ) ) | Case No. 1:23-cv-00370-MGL |
| Plaintiff, | ) ) | **PLAINTIFF'S AMENDED COMPLAINT** |
| v. | ) ) | |
| RECLEIM-SC, LLC | ) ) | |
| Defendant. | ) ) ) | |

The Plaintiff First-Citizens Bank & Trust Company ("Bank"), states as follows in support of its Amended Complaint:

**FACTUAL ALLEGATIONS**

1.      Bank is the owner of property located at 118 Hard Street, Graniteville, South Carolina 29829 (the "Property").

2.      Defendant Recleim SC, LLC ("Recleim") is, upon information and belief, a South Carolina limited liability company with its principal place of business in Aiken County, South Carolina.

3.      Bank is the owner of the Property via a foreclosure order entered August 9, 2021 (the "Foreclosure Order") and foreclosure deed entered October 26, 2021 (the "Foreclosure Deed"). A true and correct copy of the Foreclosure Order is attached hereto as **Exhibit A** and is incorporated by reference.  A true and correct copy of the Foreclosure Deed is attached hereto as **Exhibit B** and is incorporated herein by reference.

4.	Prior to the foreclosure, Recleim operated a recycling plan at the Property.  After the foreclosure, on December 10, 2021, Bank evicted Recleim from the Property and shut down the recycling plant.  The Foreclosure Order (pg. 9) specifically permitted Bank, through the Aiken County Sheriff's Department, to eject and remove Recleim and all of Recleim's personal property from the Property.

5.	Recleim utilized several large pieces of unique industrial recycling equipment to operate the recycling facility (the "Equipment").  Pictures of the Equipment are attached hereto as **Exhibit C**. Recleim is the title owner of the Equipment.

6.	The Equipment is physically bolted and attached to the Property and cannot be removed.   Upon information and belief, the Equipment has no market value or use without being physically attached to the Property.

7.	Upon and information and belief, the Equipment was specifically built for this Property and for use *only* at this Property.  The Equipment has no independent useful purpose.

8.	The Equipment has been physically located on the Property since Bank took ownership and control of the Property.

9.	Bank has permitted the Equipment to remain on the Property but has also permitted Recleim an opportunity to remove it.  However, upon information and belief, the parties agree that the Equipment cannot be physically removed from the Property.

## FOR A FIRST CAUSE OF ACTION
### (Rent By Distraint)

10.	Bank incorporates the statements and allegations contained above as if fully rewritten herein.

11.	A landlord-tenant relationship exists between Bank and Recleim because Recleim's Equipment is located on the Property.  Recleim has occupied Bank's Property.

2

12.     Specifically, Recleim is a "tenant at will" under South Carolina law.  South Carolina law does not require an oral or written lease in order for a landlord-tenant relationship to exist between the parties.  *See* South Carolina Code Ann. § 27-33-10 (3)(1976) ("Tenant at will. - Every person other than the owner of real estate, . . ., using or occupying real estate without an agreement, either oral or in writing, shall be deemed a 'tenant at will'"); *Bruce v. Durney,* 341 S.C. 563, 569-570 (Ct. App. 2000) ("An express agreement is not necessary to create the relation of landlord and tenant, but such relation may arise from the implied agreement of the parties, and may be established by proof of circumstances authorizing the inference that the parties intended to assume such relation toward each other. ***A tenant is one who occupies the premises of another in subordination to that other's title and with his assent, express or implied***")(internal citations omitted) (emphasis added); *see Carson v. Living Word Outreach Ministries, Inc.,* 315 S.C. 64, 69 (Ct. App. 1993) ("even if there was no written or oral agreement between the parties, [one of the parties] was, at the very least, a tenant at will. It is this relationship which creates obligations between the parties and the fact that there may have been no express agreement between the parties is immaterial").

13.     In this case, Bank is the landlord because it owns the real estate that is occupied by Recleim's Equipment, which Bank has housed, monitored and maintained since taking title to the Property.

14.     Recleim is a tenant at will because it has occupied the real estate by leaving the Equipment on the property, and Recleim did this without an oral or written agreement from Bank.

15.     Bank has permitted the Equipment to stay on the Property.

16.     Bank has also incurred substantial costs in storing and maintaining the Equipment. As one non-exhaustive example, Bank has incurred costs of at least $21,670.30 maintaining

continuous power to the Equipment, which was deemed necessary and required by Reclaim plant managers and the Aiken County Health Department.

17.     As consideration for Bank storing, maintaining and housing Recleim's Equipment and in order to recoup ongoing expenses, on or about July 21, 2022, Bank demanded that Recleim begin making monthly rental payments of $85,000.00.   A true and correct copy of Bank's demand letter is attached hereto as **Exhibit D**.

18.     Recleim has failed to make any rent payments to Bank, and as of December 1, 2022, owes Bank $340,000 in rent.  The rent is certain and in arrears.

19.     Bank is entitled under S.C. Code § 27-39-210 to an order distraining Recleim's Equipment in order to satisfy the outstanding amounts due Bank for Bank's storage and maintenance of the Equipment.

20.     Bank is entitled to an Order permitting Bank to sell the Equipment by distraint and distribute the proceeds as applicable.

## FOR A SECOND CAUSE OF ACTION
### (Declaratory Judgment)

21.     Bank incorporates the statements and allegations contained above as if fully rewritten herein.

22.     In the alternative, if the Court finds that Bank is unable to sell the Equipment by distraint, Bank asserts that the Equipment is a fixture to which Bank owns with the Property.

23.      "A fixture is generally defined as an article which was a chattel, but by being physically annexed to the realty by one having an interest in the soil becomes a part and parcel of it." *Carson v. Living Word Outreach Ministries, Inc.*, 315 S.C. 64, 70, 431 S.E.2d 615, 618 (Ct. App. 1993).

24.     "The test for determining whether an item remains personalty or becomes a fixture

4

include[s] the following criteria: (1) mode of attachment, (2) character of the structure or article, (3) the intent of the parties making the annexation, and (4) the relationship of the parties." *Id.*

25.    The Equipment in this case satisfies all of these elements.

26.    For mode of attachment, the pictures attached hereto as **Exhibit C** clearly show that the Equipment is not merely "attached" to the Property, but is *part of* the Property.  The Equipment is so intertwined with the Property that it is not possible to separate the Equipment from the Property, and they are one in the same. The Equipment is 'part and parcel' of the Property.  The Equipment simply cannot be removed.

27.    For character and structure of the Equipment, the Equipment is unique, extremely large recycling equipment which, upon information and belief, has no use or value separate and apart from the Property.

28.    Upon and information and belief, the Equipment was specifically built for this Property and for use only at this Property.  The Equipment has no independent useful purpose.

29.    For intent of the parties, Recleim intended for the Equipment to become fixtures. Recleim has had every opportunity to remove the Equipment (and still has such an opportunity), but has not done so because the Equipment cannot be removed.

30.    For the relationship between the parties, Bank owns the Property to which the Equipment sits, and, therefore, owns all fixtures to the Property.

31.    An actual controversy has arisen and now exists between Bank and Recleim concerning title to the Equipment.

32.    A judicial determination determining that the Equipment is a fixture that Bank may dispose of the with the sale of the Building is necessary and appropriate under the circumstances because, absent such a determination, there is a substantial likelihood that Recleim will continue

to insist that it owns the Equipment, which will delay a final resolution of this issue and continue to impede Bank's ability to sell the Property.

33. Therefore, Bank requests a declaration from this Court that (i) the Equipment is a fixture, (ii) Bank, as the owner of the Property, owns the Equipment and (iii) Bank may sell the Equipment.

WHEREFORE, Bank respectfully requests that the Court enter an Order permitting Bank to sell the Equipment – whether by distraint or by a finding that the Equipment is a fixture – and distribute the proceeds as appropriate.

RESPECTFULLY SUBMITTED,


NELSON MULLINS RILEY & SCARBORUGH, LLP


By: s/Graham S. Mitchell
    Graham S. Mitchell
    SC Bar No. 101314
    Email: graham.mitchell@nelsonmullins.com
    1320 Main Street / 17th Floor
    Post Office Box 11070 (29211)
    Columbia, SC  29201
    (803) 799-2000

    **Attorneys for First-Citizens Bank & Trust Company**